**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 09-10853-MSH |
| JULIO C. MIRALDA | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

**MEMORANDUM AND ORDER ON**
**DEBTOR'S REQUEST FOR FEES AND COSTS**

By order entered on May 21, 2020 (ECF No. 242), I granted Mr. Miralda's motion for

summary judgment against Franklin Credit Management Corporation, agent for the successor of

GMAC Mortgage LLC, in a contested matter initiated by Mr. Miralda's motion for an order that

the lien claims of these lenders had been satisfied. My order also granted Mr. Miralda's request

for an award of attorneys' fees and costs, subject to further proceedings to determine the amount

of the award. After reviewing the written submissions of the parties, including a detailed billing

statement by Mr. Miralda's attorneys, I set forth in this memorandum and order my findings and

rulings as to the award of attorneys' fees and costs in favor of Mr. Miralda.

I.       **Background**

Mr. Miralda filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code

on February 4, 2009.[1]  At the time, GMAC held a second mortgage on Mr. Miralda's home in

Dedham, Massachusetts. Mr. Miralda took the position in his bankruptcy case that the value of

his home was insufficient to provide any security for GMAC's mortgage and, thus, GMAC was

merely a general unsecured creditor in the case. GMAC disagreed. In August 2009, Mr. Miralda

---

[1] References to the Bankruptcy Code are to 11 U.S.C. §§ 101-1532.

1

and GMAC entered into a stipulation that was approved by the court resolving their dispute.

Under the stipulation, which had been drafted by GMAC's attorney, Mr. Miralda agreed to pay

GMAC $5980.18 in six consecutive monthly installments of $966.70 each, beginning in August,

and GMAC agreed that if Mr. Miralda did so it would withdraw its proof of claim in the

bankruptcy case and discharge its mortgage.

Mr. Miralda made all six installment payments on time. The problem was that no one had

bothered to check the math in the stipulation. Mr. Miralda's six installment payments of $966.70

as required in the stipulation totaled $5800.20, which was $179.98 short of the stipulated total

payment of $5980.18.

Mr. Miralda successfully completed his chapter 13 plan obligations and on January 2,

2013, this case was closed. During all this time and continuing for another six-and-a-half years

after that, Mr. Miralda assumed that his debt to GMAC had been paid in full. Admittedly, during

this time neither GMAC nor its successor delivered to Mr. Miralda a mortgage discharge or

withdrew the proof of claim as the stipulation required, but neither did they inform Mr. Miralda

that their failure to do so was because they believed Mr. Miralda still owed money.

There matters remained until around July of 2019, when Mr. Miralda began receiving

demands for payment from Franklin on behalf of GMAC's successor mortgage holder. Upon

inquiry with Franklin, Mr. Miralda and his attorney learned of the math error in the stipulation.

Mr. Miralda promptly sent a check to Franklin for the $179.98 shortfall and requested a

mortgage discharge. Franklin refused to accept the payment or issue the discharge, taking the

position that Mr. Miralda had failed to complete his payment obligations under the stipulation by

the agreed upon deadline and therefore Franklin was under no obligation to accept payment of

the stipulated amount. Rather than discharging Mr. Miralda's second mortgage upon payment of

2

$5980.18, as had been agreed, Franklin insisted that Mr. Miralda owed over $130,000 on the

second mortgage, with no payments having been made in almost a decade.

Mr. Miralda sought and was allowed to reopen this bankruptcy case at which time he

filed his motion seeking an order confirming that GMAC's mortgage debt had been satisfied in

accordance with the terms of the stipulation and requiring that a mortgage discharge be

delivered. Mr. Miralda also requested that Franklin be ordered to pay Mr. Miralda's legal fees

and costs incurred as a result of Franklin's bad faith, which had forced Mr. Miralda to reopen his

bankruptcy case and prosecute his motion. Franklin responded in steadfast opposition.

At the initial hearing on this matter in November 2019, I expressed concern about

Franklin's position. I repeatedly cautioned Franklin's attorney that if the evidence ultimately

proved that Mr. Miralda had acted in good faith under the stipulation, that is, if Mr. Miralda had

been unaware of the math error, and that the stipulation containing the $179.98 error had been

drafted by GMAC's attorneys, I would find in Mr. Miralda's favor, enforce the stipulation, and

impose fees and costs, if not sanctions, upon Franklin. Franklin's counsel indicated that he did

not expect Franklin would dispute that Mr. Miralda had acted in good faith or that GMAC's

counsel had drafted the stipulation. I advised both parties that should Franklin agree to those

facts, they could stipulate to them, which would streamline and accelerate the process of my

ruling on Mr. Miralda's motion.

Despite ultimately having no quarrel with the salient facts as Mr. Miralda had presented

them, Franklin opted not to support an abridged or fast-track procedure to dispose of this matter,

choosing instead to play it out with discovery, including propounding interrogatories and a

request for production of documents, and initiating pretrial motion practice. After a hearing on

cross-motions for summary judgment, I entered judgment in Mr. Miralda's favor and granted his

3

request for attorneys' fees and costs based upon Franklin's bad faith, including its relentless

pursuit of the matter after having been expressly cautioned as to the outcome of such action.[2]

Mr. Miralda's attorney was instructed to file an affidavit with detail as to all fees and expenses

incurred in this contested matter.

Mr. Miralda's counsel filed an affidavit, with itemized billing entries, showing

$17,402.50 in fees and $261.60 in costs charged to Mr. Miralda.[3]  The fees cover the period from

July 2019 through June 2020, during which two attorneys from The Law Firm of Ullian &

Associates, P.C. spent 68.2 hours, resulting in an average rate for the two time-keepers of

$255.17 per hour. Counsel's expenses included the filing fee to reopen Mr. Miralda's bankruptcy

case, postage, and parking costs for a court hearing. Counsel also filed a copy of a September 3,

2019 engagement agreement with Mr. Miralda.

In a ten-page response opposing Mr. Miralda's fee request, Franklin challenged at least

forty of the seventy-two line item time entries in the billing detail submitted by Mr. Miralda's

attorneys. Franklin proposed that counsel's fee be reduced from $17,402.50 to $7837.50. In its

opposition, Franklin minimized the work of Mr. Miralda's counsel and asserted, without a clear

reference to any objective standard for comparison, that counsel's hours "were clearly excessive"

---

[2] In limited circumstances, including when an unsuccessful litigant has acted in bad faith in pursuing a matter, the court is permitted to award the successful litigant's attorneys' fees and costs, thereby deviating from the "American Rule" in which each litigant's fees and costs are the litigant's own to pay, regardless of success. *See F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 & n.17 (1974) (citing, among others, *Vaughan v. Atkinson*, 369 U.S. 527 (1962)) (acknowledging that courts have "long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

[3] A May 22, 2020 billing entry contains a typographical error indicating a $750 charge rather than a $75 charge for 0.3 hours of work billed at $250 per hour. The total fee amount of $17,402.50, however, reflects the correct amount of $75, not $750.

in light of the work performed, as that work was described by Franklin. Franklin also disputed

numerous time entries as being "generic, vague" and "block-billing." Franklin further contended

that time spent by counsel before Mr. Miralda executed a fee agreement should be disallowed

entirely.

In a reply to Franklin's opposition, Mr. Miralda's attorneys offered a point-by-point

rebuttal of several of Franklin's challenges and provided additional descriptive detail of their

work to support their position that all fees, including those incurred before a formal engagement

agreement had been entered into, were incurred as a result of this contested matter and were

reasonable. Mr. Miralda also requested an additional award of $750 in attorneys' fees based upon

the 3.0 hours that counsel expended in drafting its reply to Franklin's "frivolous" opposition.

## II.        Legal Standard and Analysis

In determining a reasonable fee for the work performed by Mr. Miralda's counsel in this

matter, I apply the lodestar method assisted by the factors set forth in Bankruptcy Code

§ 330(a)(3). The lodestar method calls for a determination of a reasonable hourly rate that is to

be multiplied by productively spent hours. *See, e.g.*, *Lopez v. Consejo de Titulares del*

*Condominio Carolina Court Apartments (In re Lopez)*, 405 B.R. 24, 30 (B.A.P. 1st Cir. 2009).

Bankruptcy Code § 330(a)(3) lists select relevant factors for determining reasonable

compensation, including rates charged, amount and reasonableness of time spent, necessity or

benefit to the case, and experience and skill in bankruptcy practice. Applying the lodestar

method in conjunction with the relevant § 330(a)(3) factors is an approach used in other fee-

shifting bankruptcy cases, *see Lopez*, 405 B.R. at 28, 30-33 (B.A.P. 1st Cir. 2009), and I see no

reason to deviate from that approach here.

As previously noted, two attorneys from The Law Firm of Ullian & Associates, P.C. worked together to represent Mr. Miralda in this contested matter. John Ullian, with over 35 years of relevant experience, worked 8.3 hours on this matter and charged his going rate of $300 per hour. Amy Puliafico, with over 7 years of relevant experience, devoted 59.9 hours at her standard $250 per hour rate. Franklin does not quarrel with the two attorneys' experience, their division of labor, or their hourly rates. I find that their hourly rates are reasonable—well within the range of usual and customary rates charged in this district by comparably skilled attorneys—and adopt those rates in applying the lodestar method.

In determining the other variable in the lodestar equation, the number of hours productively spent, I do not include time spent "'unreasonably, unnecessarily, or inefficiently.'" *See United States v. One Star Class Sloop Sailboat*, 546 F.3d 26, 38 (1st Cir. 2008) (quoting *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008)); *cf.* 11 U.S.C. § 330(a)(4) (prohibiting compensation for services unnecessarily duplicated, not "reasonably likely to benefit the debtor's estate," and unnecessary to case administration).

Having reviewed the line item time entries of Mr. Miralda's counsel, the issues raised by Franklin, and the supplemental descriptions set forth in counsel's reply to Franklin's opposition, I find only one entry that must be excluded. On September 25, 2019, counsel spent 0.4 hours and charged $100, to correct a deficiency in the service of a motion. If service had been completed correctly in the first instance, substantially all of that time would have been avoidable. Thus, due to inefficiency, the $100 charge shall be excluded. The balance of the time spent was reasonable, necessary, and beneficial in successfully protecting Mr. Miralda from Franklin's attempt to saddle him with over $130,000 in past-due mortgage debt based upon a $179.98 mistake that was no fault of Mr. Miralda's.

6

Contrary to Franklin's assertions, the itemized billing descriptions of Mr. Miralda's counsel are sufficiently detailed and reasonable so that counsel's productivity may be easily assessed. Counsel's supplemental descriptions more than adequately resolve any close calls. I find unpersuasive Franklin's proposed line item reductions of "excessive" time spent, as the alleged excessiveness and the proposed reduced amounts are unsupported by authority or logical explanations. I also reject Franklin's attempts to correlate the reasonableness of counsel's fee to the brevity of the documents prepared and filed by them. Franklin's contention that this contested matter was "simple" and "straightforward," requiring only minimal effort by Mr. Miralda's counsel is starkly contradicted by Franklin's own strategy to introduce complexity in this matter, including propounding discovery and filing a motion for summary judgment accompanied by a 35-page brief and 164 pages of exhibits.

Finally, apart from emphasizing the reference to "incurred in this contested matter" in my order directing Mr. Miralda's counsel to file an affidavit as to fees and expenses, Franklin cites no authority for its assertion that time spent by counsel prior to the execution of a fee agreement should not be compensated. The 3.2 hours spent by Mr. Miralda's counsel before executing a new fee agreement with Mr. Miralda were indisputably related to this contested matter and, if anything, illustrate a good faith effort to avoid the litigation that later became necessary due to Franklin's refusal to abide by the terms of the stipulation. I find no justification to exclude those hours.

In sum, I find that the lodestar method together with the § 330(a)(3)-(4) factors support a fee award in the amount of $17,302.50, which is $100 less than requested. As counsel's $261.60 in costs is undisputed and reasonable, I will award the requested amount in full. While unsuccessful, I do not find Franklin's opposition to Mr. Miralda's request for fees and costs to

have been frivolous as suggested by Mr. Miralda as the basis for his request for an additional

award of $750 for his counsel's time spent in replying to it. Thus, I will deny that request.

**III.**        **Order**

For the reasons stated above, Mr. Miralda is awarded $17,564.10 consisting of

$17,302.50 in counsel fees and $261.60 in costs in accordance with my May 21, 2020 order on

summary judgment. Franklin shall remit payment by check payable to the order of The Law Firm

of Ullian & Associates, P.C. IOLTA Account by no later than November 25, 2020.

Dated: October 27, 2020                                                    By the Court,

                                                                           _____
                                                                           Melvin S. Hoffman
                                                                           U.S. Bankruptcy Judge


          Counsel Appearing:    John A. Ullian, Esq.
                                Amy Puliafico, Esq.
                                The Law Firm of Ullian & Associates, P.C.
                                Braintree, MA
                                for the Debtor Julio C. Miralda

                                Lawson Williams III, Esq.
                                Brock and Scott, PLLC
                                Pawtucket, Rhode Island
                                for the Creditor Franklin Credit Management Corporation